JOHN A. NICHOLS, Respondent, *v.* THE SCRANTON STEEL COMPANY, Appellant.

*Court of Appeals, October 11, 1892.*

1. *Appeal. Preference.*—The provision of section 791 of the Code of Civil Procedure does not apply to the court of appeals.
2. *Same.*—To obtain a preference upon the calender of this court, in a case not designated by the Code or in its rules, the application must be addressed to its discretion upon a showing of such facts as may be deemed to render a preference proper to be awarded in the interest of justice.
3. *Same.*—The fact that certain certificates of stock, belonging to the appellant, had been levied upon by virtue of, and were held under, an attachment issued in the action, is insufficient to justify the granting of such motion.

Motion to prefer case on appeal.

*Wilson & Wallis*, for appellant.

*H. P. Starbuck*, for respondent.

GRAY, J.—A preference is claimed by the appellant upon our calendar, upon the ground that the property of the defendant is held under attachment, and subdivision 10 of § 791 of the Code, is relied upon. That provision adds to the list of causes to be preferred, " a cause entitled to preference by the general rules of practice, etc." The rules referred to are those of the supreme court, and rule numbered 36 requires that " if the property of the defendant be held under. attachment, the action shall be placed on a preferred calendar." This rule does not furnish, of itself, a reason for a preference upon the calendar of this court. Section 791 of the Code is expressly restricted in its operation by § 3347. By subdivision 6 of that section it is provided that chapter VIII, in which § 791 is found, applies only to " proceedings taken in an action or special proceeding in one of the courts specified in subdivision fourth of this (3347) section ; " excepting certain specified sections, among which § 791 is not given. The subdivision 4th, referred to, specifies courts other than the court of appeals. Section 3347 was enacted to regulate the application of certain portions of the Code. An exception to such application is provided for where the particular provision in a chapter, specified in a subdivision of the section, expressly designates the courts ; in which case the provision is deemed excluded from the application of the subdivision. In § 791, certain subdivisions do . expressly designate, or include this court ; but in subdivision 10 the preference is made to depend on the supreme court rules. Therefore, to obtain a preference upon the calendar of this court, in a case where it is not designated by the Code, or in our rules, the application must be addressed to the discretion of the court, upon a showing of such facts as may be deemed to render a preference proper to be awarded in the interests of justice.

In this case the bare fact is made to appear in the moving

papers that the sheriff levied upon certain certificates of stock belonging to this defendant and in the possession of another party, and that the certificates continue to be held under that attachment. This is not such a showing as to justify us in preferring the argument of the appeal over other causes on the general calendar.

The motion should be denied; but, under the circumstance, without costs.

All concur.